**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rhonda Rush, | No. CV-22-08200-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Rhonda Rush seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits and supplemental security income under §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision is affirmed.

**I.     BACKGROUND**

Plaintiff was born in July 1962. She has at least a high school education. (Doc. 11-3 at 169). Her prior jobs were cashier, cleaning apartments, special needs childcare/teacher, and road flagger. (*Id.* at 177–81). Plaintiff's impairments are neuropathy in feet and hands, pain in the back, neck and hip, tennis elbow, headaches and jaw pain, numbness in arms and depression. (*Id.* at 193–99).

On April 22, 2019, Plaintiff applied for disability and disability insurance benefits. She filed for supplemental security income the next day. In both applications, Plaintiff alleged disability on September 29, 2017. Plaintiff later amended her alleged onset date to December 4, 2017. These claims were denied initially on September 19, 2019, and upon reconsideration on June 26, 2020. On April 28, 2021, she appeared with her attorney telephonically and testified at a hearing before the ALJ. A vocational expert also testified. (*Id.* at 23). On August 25, 2021, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision. (*Id.* at 2, 23, 31). On October 31, 2022, Plaintiff sought review from this Court (Doc. 1).

## II.  STANDARD OF REVIEW

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). "[O]nly issues [that] are argued specifically and distinctly in a party's opening brief" are reviewed." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Moreover, when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Failure to do so will only be excused when necessary to avoid a manifest injustice. *Id.*

A court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id.* (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir.2005)). It is "relevant evidence that a reasonable person might accept as adequate to support a conclusion" considering the record as a whole. *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005)). In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not

affirm simply by isolating a "specific quantum of supporting evidence." *Id*. (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir.2006)). Generally, when the evidence is susceptible to more than one rational interpretation, courts "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "Overall, the standard of review is 'highly deferential.'" *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir.2009)).

## III.   FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).[1]

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2023, and that she has not engaged in substantial gainful activity since December 4, 2017. (Doc. 11-3 at 25). At step two, the ALJ found that Plaintiff has the following severe impairments: peripheral neuropathy not otherwise specified, lumbar degenerative disc disease, cervical spondylosis status post ACDF, migraine headaches, chronic pain syndrome, lower extremity fracture, osteoarthritis, degenerative joint disease/tendinitis/impingement syndrome status post right shoulder surgery, tenosynovitis, and carpal tunnel syndrome. (*Id.* at 26). At step three, the ALJ

---

[1] At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id*. At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id*. If not, the ALJ proceeds to step four. *See id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id*. If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). She can occasionally push and pull with the right dominant upper extremity; occasionally reach overhead with the right dominant upper extremity; occasionally climb ladders, kneel and crawl; frequently climb ramps or stairs, balance, stoop and crouch. She can never climb ropes or scaffolds; and must avoid concentrated exposure to hazards, including heights and moving machinery. The ALJ further found that Plaintiff is able to perform any of her past relevant work as a flagger (DOT 371.667-010, SVP 3, light according to the DOT, and performed at light). This work does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity (20 C.F.R. 404.1565 and 416.965). At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Doc. 11-3 at 27).

IV.  **ANALYSIS**

    **A.  The ALJ Provided Clear and Convincing Reasons for Discrediting Plaintiff's Symptom Testimony.**

If a claimant's statements about pain or other symptoms are not substantiated by objective medical evidence, the ALJ must nevertheless consider all of the evidence in the case record, including any statement by the claimant and other persons, concerning the claimant's symptoms. SSR 16-3p, 2016 WL 1119029, at *4 (March 16, 2016), *amended by* SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017) [*hereinafter* SSR 16-3p]. Then the ALJ must make a finding on the intensity, persistence, and limiting effects of claimant's symptoms. *Id.*

In evaluating the intensity, persistence, and limiting effects of a Claimant's symptoms, the ALJ will consider a set of seven factors in addition to all the existing evidence:

1. Daily activities;
2. The location, duration, frequency, and intensity of pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id*. at *7–8. The ALJ will only discuss those factors made relevant by the evidence. *Id.* at *8. A claimant's statements about his own symptoms will weigh in this analysis based on their consistency with the record: statements consistent with the record indicate Claimant's symptoms are more likely to reduce capacity to perform work-related activities, while inconsistent statements indicate the opposite. *Id*.

First, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Doc. 11-3 at 28). Second, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." (*Id.* at 28-29).

Plaintiff testified that she "does not have feeling in her hands and drops things" three to five times a week. (*Id.*). Plaintiff also testified that she had "feelings of swelling and tightening in her feet" and could only stand for two hours before needing a 15 to 30 minute break. (*Id.*). Plaintiff further stated that she could lift up to 20 pounds prior to her shoulder surgery, but was now experiencing a longer than expected recovery time. (*Id.*). Finally, Plaintiff reported headaches, constant back and neck issues, and hip problems. (*Id.*).

The ALJ determined that Plaintiff's statements regarding the severity of her symptoms were inconsistent with medical and other evidence presented. (*Id.*). Regarding medical evidence, the ALJ agreed that Plaintiff had been diagnosed with carpal tunnel syndrome, tenosynovitis of the left radial styloid, and other mononeuropathies in the lower limbs. (*Id.* at 28–29). However, the ALJ noted that multiple sources of medical evidence indicate intact sensation in Plaintiff's extremities. (Doc. 11-8 at 78, 92, 467, 470, 476, 482). Plaintiff also reported that her grip improved after surgery and "strong and equal grips in May 2020 and February 2021." (Doc. 11-3 at 29; Doc. 11-9 at 81, 104, 340). Many examinations also noted no edema in Plaintiff's feet. (Doc. 11-8 at 35, 45, 162, 510; Doc. 11-9 at 99, 180, 267). Additional medical evidence indicates a lack of significant neck or back pain. (Doc. 11-9 at 158, 163, 168, 175, 359). In all, the medical evidence provides sufficient ground for the ALJ's discounting of Plaintiff's symptom testimony.

Additionally, the ALJ's treatment of Plaintiff's symptom testimony is further supported by evidence that Plaintiff's records indicated improvement with conservative treatment as well as Plaintiff's daily activities. (Doc. 11-7 at 42; Doc. 11-9 at 104). The ALJ also found that Plaintiff completed daily tasks involving her hands that were inconsistent with her symptom testimony. (Doc. 11-3 at 28–29, 191–92). In sum, the ALJ had clear and convincing evidence from which to limit the persuasiveness of Plaintiff's symptom testimony.

### B. The ALJ Did Not Err in Determining Plaintiff's Residual Functional Capacity.

A residual functional capacity finding involves a detailed assessment of how a claimant's medical impairments affect her ability to work. In determining a claimant's residual functional capacity, the ALJ "must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and 'the effects of [] symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. SSA*, 466 F.3d 880, 883 (9th Cir. 2006) (quoting SSR 96–8p, 1996 WL 374184, *5 (July 2, 1996)). The ALJ must consider the combined effect of multiple conditions, including those that are not severe. *See* 20 C.F.R. § 404.1545(a)(2). A plaintiff's illnesses "must be considered in combination and must not be fragmentized in evaluating their effects." *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995) (quoting *Beecher v. Heckler*, 756 F.2d 693, 694–95 (9th Cir. 1985)).

The ALJ did not err in determining Plaintiff's residual functional capacity. The ALJ provided a narrative description of how the evidence supports each conclusion in the residual functional capacity assessment and explained any inconsistencies or ambiguities in the evidence. See SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). The ALJ provided reasons for his disagreement with portions of the medical opinion evidence. The ALJ incorporated those medical assessments that he found credible, including almost all of the limitations that Drs. Keer and Bello assessed. (Doc. 11-3 at 30). The ALJ only drifted from Drs. Keer and Bello's assessment that Plaintiff could lift a maximum of ten pounds. (*Id.*). Instead, the ALJ found that Plaintiff could lift up to twenty pounds because Plaintiff was capable of lifting that amount prior to her shoulder surgery, from which she was recovering. (*Id.* at 30). Despite Plaintiff's argument to the contrary, the ALJ's assessment finds substantial support in the medical opinion evidence. Accordingly, the ALJ did not err in determining Plaintiff's Residual Functional Capacity.

# CONCLUSION

Because the ALJ did not err in determining Plaintiff's Residual Functional Capacity or in discounting Plaintiff's symptom testimony, the ALJ's decision is affirmed.

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner of Social Security is affirmed. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 31st day of May, 2024.

G. Murray Snow
Chief United States District Judge